UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CHARLES GRESHAM, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) No. 1:18-cv-01900-JEB |
| v. | ) |
| | ) |
| ALEX M. AZAR II, et al., | ) |
| | ) |
| Defendants. | ) |

**PLAINTIFFS' RESPONSE TO DEFENDANTS' OBJECTION TO RELATED-CASE DESIGNATION**

The Defendants object to this Court's related-case designation, arguing that *Gresham v. Azar* and *Stewart v. Azar* challenge two separate and unrelated agency actions. Defs' Obj. to Related-Case Designation (DE 17). As discussed below, these cases are unquestionably related, and the Court should deny the Defendants' objection.

Civil cases "are deemed related when the earliest is still pending on the merits in the District Court and they . . . (ii) involve common issues of fact, or (ii) grow out of the same event or transaction . . . ." LCvR 40.5(a)(3). Further, cases that present "identical issues for resolution" and in which there is "substantial overlap in both the factual underpinning and the legal matters in dispute" qualify for related-case designation. *Singh v. McConville*, 187 F. Supp. 3d 152, 155-56 (D.D.C. 2016) (citing *Autumn Journey Hospice, Inc. v. Sebelius*, 753 F. Supp. 2d 135, 140 (D.D.C. 2010)). Asking for the same relief in separate cases also weighs in favor of the designation. *Id*. at 156. All these factors are present here.

First, *Stewart*, which is still pending before this Court, and *Gresham* arise from the same events. In 2017, the Administration announced plans to "comprehensively transform" Medicaid,

1

in particular the Medicaid expansion to low-income adults, which it labeled a "fundamental flaw" of the Affordable Care Act. To this end, on January 11, 2018, the Defendants issued a Dear State Medicaid Director Letter (DSMD Letter) announcing a new policy authorizing states to impose work requirements and other restrictive policies on low-income individuals as a condition of Medicaid coverage. Kentucky and Arkansas submitted requests under Section 1115 of the Social Security Act to condition Medicaid coverage on work requirements and compliance with other restrictive policies. The Defendants relied on the DSMD Letter and Section 1115 to approve the Kentucky HEALTH project and Arkansas Works Amendment that are at issue in these cases. *Compare Stewart v. Azar* Compl. at 22-23 (describing work requirements), 28-29 (describing termination of retroactive coverage), 30-35 (describing DSMD Letter and related activities), 66-67 (APA claim regarding DSMD Letter) *with Gresham v. Azar* Compl. at 17-20 (describing work requirements), 20-21 (describing termination of retroactive coverage), 21-27 (describing DSMD Letter and related activities), 34-35 (APA claim regarding DSMD Letter).  Because of these approvals, thousands of low-income individuals will lose Medicaid coverage

    *Gresham* also involves substantial overlap with the legal matters at issue in *Stewart*. Both cases ask whether the Defendants' (1) issuance of the DSMD Letter violates the Administrative Procedure Act (APA); (2) subsequent approvals of the states' requests pursuant to Section 1115 violate the APA; and (3) actions to restructure Medicaid violate the Take Care Clause of the Constitution. Likewise, both cases seek the same relief. *Compare Stewart v. Azar* Compl. at 66-67 (APA claim regarding DSMD Letter), 73-74 (APA claim against approval), 74-76 (Take Care Clause claim), 76 (requested relief) *with Gresham v. Azar* Compl. at 34-35 (APA claim regarding DSMD Letter), 35-36 (APA claim against approval), 36-37 (Take Care Clause Claim), 37 (requested relief).

The Defendants contend the cases involve some different issues of fact. While cases involving different states inevitably involve some factual differences, the case law shows that these differences are not material to whether they are related. In *Singh*, the federal defendants argued that "the individualized and case-by-case analysis" required under federal anti-discrimination law and Army standards meant that the case was not related to an earlier case filed by a different plaintiff. 187 F. Supp. 3d at 155 (internal quotations omitted). The court rejected this distinction because the defendants ignored "the common issues of fact in the two cases related to defendants' policies and actions." *Id.* The "substantial overlap in both the factual underpinning and the legal matters in dispute" supported the conclusion "that judicial economy would be served by having these matters resolved by the same judge." *Id*. at 156 (quoting *Autumn Journey Hospice, Inc. v. Sebelius*, 753 F. Supp. 2d 135, 140 (D.D.C. 2010)). Similarly, *Autumn Journey Hospice* deemed related six separate APA cases challenging a rule as inconsistent with the Medicare Act and HHS's demands that hospice providers repay funds pursuant to that rule. *See* 753 F. Supp. 2d at 136–39. Even though some factual differences existed between the cases, the court held that "[e]ach case . . . presents identical issues for resolution: whether the regulation impermissibly conflicts with the underlying statute and, if so, what relief should be afforded the plaintiff[s]." *Id.* at 140.

As in the above cases, the Plaintiffs in both *Gresham* and *Stewart* are challenging the same administrative actions and legal requirements under the APA — the Defendants' issuance of the DSMD Letter and application of the DSMD Letter and Section 1115 to approve work requirements and other Medicaid cuts. Accordingly, both cases present this Court with "identical issues for resolution," *Autumn Journey Hospice*, 753 F. Supp. 2d at 140, and thus warrant related-case designation.

The Defendants rely on *Lucas v. Barreto*, but that case in fact cuts against their objection. *Lucas* concluded that the complaint contained "vague allegations" and "scatter-shot" claims that made it "far from clear" whether the cases were related. *Lucas v. Barreto*, Civ. No. 04-1262 (EGS), 2005 WL 607923 at *1, *3 (D.D.C. Mar. 16, 2005). The *Stewart* and *Gresham* Complaints, by contrast, do not suffer from these defects. Without question, the Plaintiffs in both cases are raising claims targeting the same underlying agency actions: the Defendants' issuance and use of the DSMD Letter and Section 1115 of the Social Security Act to terminate benefits and condition Medicaid coverage on work requirements and other eligibility restrictions in violation of the Take Care Clause and the APA.

Finally, the cases should be designated as related because doing so will enhance judicial economy. The related-case rule is appropriate when a judge's "experience with complex issues in an earlier case may actually enhance the likelihood of a speedy and inexpensive determination of a later case without necessarily diminishing its prospects for a just one." *Alberti v. Gen. Motors Corp.*, 600 F. Supp. 1024, 1025 (D.D.C. 1984). *Stewart* and *Gresham* concern the same thicket of statutory provisions of the Social Security Act, which Judge Friendly observed is "almost unintelligible to the uninitiated" and the same constitutional provision. *Friedman v. Berger,* 547 F.2d 724, 727, n. 7 (2d Cir. 1976).  Further, this Court's recent experience with the *Stewart* case involved reviewing the same type of administrative record compiled by the Defendants to approve work requirements and other restrictions pursuant to Section 1115, and thus will certainly enhance the likelihood of a speedy and efficient determination of *Gresham*. Moreover, no party has questioned the prospect that the Court will not enter a just determination. Plaintiffs therefore ask the Court to deny Defendants' objection and retain this case as related to *Stewart v. Azar.*

September 6, 2018

                                          Respectfully submitted,

                                       By: /s/ Jane Perkins
Jane Perkins
Elizabeth Edwards
Catherine McKee
National Health Law Program
200 N. Greensboro Street, Suite D-13
Carrboro, NC 27510
Phone: 919-968-6308 (x101)
perkins@healthlaw.org
mckee@healhtlaw.org
edwards@healthlaw.org

/s/ Kevin De Liban
Kevin De Liban
Trevor Hawkins
Legal Aid of Arkansas
310 Mid-Continent Plaza, Suite 420
West Memphis, AR 72301
Phone: 870-732-6370 (x2206)
kdeliban@arlegalaid.org
thawkins@arlegalaid.org

/s/ Samuel Brooke
Samuel Brooke
Neil K. Sawhney
Southern Poverty Law Center
400 Washington Avenue
Montgomery, AL 36104
Phone: 334-956-8200
samuel.brooke@splcenter.org
neil.sawhney@splcenter.org

*Counsel for Plaintiffs*

**CERTIFICATE OF SERVICE**

    I hereby certify that on September 6, 2018, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, which will send an electronic notice to the Defendants' attorneys of record.

                              By:    /s/ Catherine McKee
                                            Catherine McKee