## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| CHARLES GRESHAM, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:18-cv-01900 (JEB) |
| | ) | |
| XAVIER BECERRA, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## JOINT NOTICE FOLLOWING ISSUANCE OF MANDATE AND MOTION FOR EXTENSION OF TIME FOR PLAINTIFFS TO FILE MOTION FOR ATTORNEY'S FEES

On April 4, 2019, this Court ordered the parties to file a notice with the Court within 14 days of the Mandate issuing from the appeal of this case. Order, ECF No. 60. The Mandate issued on May 24, 2022. Mandate, *Gresham v. Azar*, No. 19-5094, 19-5096 (D.C. Cir. May 24, 2022). Counsel acknowledge that this Notice to the Court was due on June 7, 2022 and apologize to the Court for the delay in submitting this Notice.

Plaintiffs Charles Gresham, et al., and federal Defendants Xavier Becerra, et al., ("the parties") also respectfully request that the Court extend the deadline for Plaintiffs to seek attorney's fees under the Equal Access to Justice Act, 28 U.S.C. § 2412, to give the parties an opportunity to explore settlement. Specifically, the parties request that the Court: (1) waive the current deadline of June 24, 2022; and (2) order the parties to file a status report on August 24, 2022, which will inform the court of their progress on settlement, and if the parties feel that a settlement cannot be reached, propose a briefing schedule.

### Background to this Notice and Motion for Extension of Time

On August 14, 2018, Plaintiffs filed this case challenging the U.S. Secretary of Health and Human Services' (HHS) approval of the Arkansas Works Amendment, which authorized Arkansas

to condition Medicaid eligibility for non-disabled, non-pregnant adults on meeting work and community-engagement requirements and to restrict retroactive Medicaid coverage. Plaintiffs alleged that the approval violated the Administrative Procedure Act and the Constitution. Compl., ECF No. 1.

On March 27, 2019, the Court granted Plaintiffs' motion for summary judgment on count II of the First Amended Complaint, finding that the Secretary's approval of the Arkansas Works Amendment was arbitrary and capricious. *Gresham v. Azar*, 363 F. Supp. 3d 165 (D.D.C. 2019); Order, ECF No. 57. The Court denied Defendants' cross-motions for summary judgement and vacated and remanded the approval to HHS. *Id.* On April 4, 2019, the Court entered final judgment on Count II and stayed the remainder of the case, including any deadline for attorney's fees, pending any appeal by Defendants. Order, ECF No. 60.

Defendants filed a timely Notice of Appeal, and the D.C. Circuit affirmed this Court's decision. *Gresham v. Azar*, 950 F.3d 93 (D.C. Cir. 2020). Federal Defendants and Intervenor-Defendant Arkansas each filed a Petition for a Writ of Certiorari, which the Supreme Court granted and consolidated on December 4, 2020. 141 S. Ct. 890.

On February 12, 2021, HHS withdrew the 2018 Dear State Medicaid Director Letter that had encouraged states to apply for approval of Medicaid demonstration projects that contain work- and community-engagement requirements for certain populations. Tami Luhby, *Biden Moves to Unwind Trump's Medicaid Work Requirements*, CNN.com (Feb. 12, 2021), https://www.cnn.com/2021/02/12/politics/medicaid-work-requirements-biden/index.html. The same day, HHS sent a letter to Arkansas (and other states that had received approval to implement similar work- and community-engagement requirements) stating that it had made a preliminary determination that work- and community-engagement requirements would not promote the

2

objectives of the Medicaid Act and that it was "commencing a process of determining whether to withdraw" its approval of the requirements. Letter from Elizabeth Richter, Acting Adm'r, Ctrs. for Medicare & Medicaid Servs., to Dawn Stehle, Dir., Ark. Medicaid (Feb. 12, 2021), https://www.medicaid.gov/medicaid/section-1115-demonstrations/downloads/ar-works-cms-ltr-state-demo-02122021.pdf.

Given those developments, Federal Defendants filed a motion to vacate the judgment of the D.C. Circuit and remand to the agency. Before the Supreme Court formally ruled on the motion, HHS informed Arkansas that it was withdrawing approval of the work- and community-engagement requirements based on its findings that they are not likely to promote the objectives of the program.  Letter from Elizabeth Richter, Acting Adm'r, CMS, to Dawn Stehle, Deputy Dir. for Health & Medicaid, Ark. Dep't of Hum. Servs. (March 17, 2021), https://www.medicaid.gov/medicaid/section-1115-demonstrations/downloads/ar-works-ca2.pdf. On April 5, 2021, "upon consideration of the motion of petitioners," the Supreme Court held the cases in abeyance "pending further order of the Court." 141 S. Ct. 2461.

The Arkansas Works Amendment expired on its own terms on December 31, 2021. On April 1, 2022, Federal Defendants filed a suggestion of mootness and motion asking the Supreme Court to vacate the judgment of the D.C. Circuit and remand the case with instructions that this Court's judgment be vacated and that the case be dismissed as moot. The Supreme Court granted the motion. 142 S. Ct. 1665 (2022). On May 25, 2022, this Court vacated the judgment and dismissed the case without prejudice as moot.

The Equal Access to Justice Act requires Plaintiffs to seek "an award of fees and other expenses . . . within 30 days of final judgment in the action." 28 U.S.C. § 2412(d)(1)(B). A "final judgment" is "a judgment that is final and not appealable." *Id*. § 2412(d)(2)(G). *Accord Melkonyan*

*v. Sullivan*, 501 U.S. 89 (1991) (holding that a final judgment "means a judgment rendered by a court that terminates the civil action for which EAJA fees may be received").  Here, the Court issued a final judgment for purposes of EAJA on May 25, 2022, meaning that Plaintiffs must file a motion for attorney's fees by June 24, 2022.

Plaintiffs and Federal Defendants ask the Court to waive the deadline to give the parties the opportunity to explore settlement. The parties further ask the Court to order the filing of a joint status report on August 24, 2022, which will update the Court on the parties' settlement discussions, and if the parties believe that a settlement cannot be reached, propose a briefing schedule.

Dated: June 15, 2022                              Respectfully submitted,

/s/ Jane Perkins
Jane Perkins
Catherine McKee
Elizabeth Edwards
National Health Law Program
1512 East Franklin Street, Suite 110
Chapel Hill, NC 27514
(984) 279-7661
perkins@healthlaw.org

*Counsel for Plaintiffs*

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

MICHELLE BENNETT
Assistant Branch Director

/s/ *Vinita B. Andrapalliyal*
Vinita B. Andrapalliyal
Matthew C. Skurnik
Trial Attorneys
United States Department of Justice
Civil Division
Federal Programs Branch
P.O. Box 883

4

Washington, DC 20044
Tel: (202) 305-0845
vinita.b.andrapalliyal@usdoj.gov

*Counsel for Federal Defendants*